OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "B," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto that the merchandise which is the subject of the appeals for reappraisement listed in Schedule B, hereto attached and made a part hereof, consists of phonograph records exported from Mexico after October 1, 1960.

IT IS FURTHER STIPULATED AND AGREED that phonograph records are not on the list of articles published in T.D. 54521 and are subject to appraisement under the Customs Simplification Act of 1956 (Public Law 927—84th Congress 2nd Session).

IT IS FURTHER STIPULATED AND AGREED that the prices, at the time of exportation to the United States of the merchandise undergoing reappraisement, at which such or similar merchandise was freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, were the prices shown on Schedule A, hereto attached and made a part hereof for each of the items enumerated therein with or without qualifying words and with or without additional symbols.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement listed in Schedule B are hereby submitted on this stipulation.

On the agreed facts, I find that the proper basis for appraisement of the phonograph records in question is statutory export value and hold that such value therefor is the prices shown in schedule "A," hereto attached and made a part hereof, for each of the items enumerated therein with or without qualifying words and with or without additional symbols.

Judgment will be rendered accordingly.

(Reap. Dec. 10364)

BROWN, ALCANTAR & BROWN, INC. v. UNITED STATES

Entry No. 2034, etc.

(Decided November 7, 1962)

*Sharretts, Paley & Carter* for the plaintiff.

*Joseph D. Guilfoyle,* Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "B," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto that the merchandise which is the subject of the appeals for reappraisement listed in Schedule B, hereto attached and made a part hereof, consists of phonograph records exported from Mexico after October 1, 1960.

IT IS FURTHER STIPULATED AND AGREED that phonograph records are not on the list of articles published in T.D. 54521 and are subject to appraisement under the Customs Simplification Act of 1956 (Public Law 927—84th Congress 2nd Session).

IT IS FURTHER STIPULATED AND AGREED that the prices, at the time of exportation to the United States of the merchandise undergoing reappraisement, at which such or similar merchandise was freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, were the prices shown on Schedule A, hereto attached and made a part hereof for each of the items enumerated therein with or without qualifying words and with or without additional symbols.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement listed in Schedule B are hereby submitted on this stipulation.

On the agreed facts, I find that the proper basis for appraisement of the phonograph records in question is statutory export value and hold that such value therefor is the prices shown in schedule "A," hereto attached and made of part hereof, for each of the items enumerated therein with or without qualifying words and with or without additional symbols.

Judgment will be rendered accordingly.

(Reap. Dec. 10365)

New York Merchandise Co., Inc. v. United States

Entry No. 34379, etc.

(Decided November 7, 1962)

*Stein & Shostak* for the plaintiff.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

Johnson, Judge: These appeals for reappraisement have been submitted on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the appeals for reappraisement enumerated in the attached